**HARLEY-DAVIDSON MOTOR COMPANY, Plaintiff,**

v.

**MOTOR SPORT, INC., Defendant.**

No. 96–C–1038.

United States District Court, E.D. Wisconsin.

Oct. 6, 1997.

Peter J. Stone, David Mayer, Foley & Lardner, Milwaukee, WI, for Plaintiff.

K. Scott Wagner, Hale & Lein, Milwuakee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Harley-Davidson Motor Company filed this diversity action on September 10, 1996, seeking a judgment declaring (1) that Harley–Davidson has not violated its distributorship agreement with the defendant, Motor Sport, Inc., (2) that Harley–Davidson has not violated any of the duties or responsibilities owed to the defendant, (3) that the relationship between the parties is non-exclusive, and (4) that the plaintiff has the right to appoint a separate distributor in Puerto Rico, the jurisdiction in which Motor Sport distributes and sells Harley–Davidson motorcycles, parts and accessories.

Motor Sport subsequently filed motions to dismiss for lack of personal jurisdiction or for improper venue, but I denied both motions in a decision and order dated April 15, 1997. On July 28, 1997, the plaintiff moved for leave to file an amended and supplemental complaint. In that motion, Harley–Davidson states that it has informed Motor Sport that it intends to terminate the distributorship agreement between the parties. According to the motion, however, Harley–Davidson also told Motor Sport that it would defer the effective date of the termination pending this court's resolution of the question of whether such termination would be proper. Therefore, the plaintiff's amended complaint also asks the court for such a determination. The amended and supplemental complaint is substantially similar in all other respects.

Motor Sport has objected to the plaintiff's motion, arguing that, on July 24, 1997, it filed an action against Harley–Davidson in a Puerto Rico court. This action, the defendant alleges, requests that the Puerto Rico court "order Harley–Davidson to stop its continuous actions detrimental to the distributor-principal relationship aimed at eventually terminating the relationship between the parties." (Opposition to Plaintiff's Request ¶ 2). The defendant has not provided the court with a copy of the complaint filed in the Puerto Rico court, but the plaintiff, in its reply brief, admits that it received a copy of the complaint in early August, 1997. The plaintiff also alleges, however, that it has not been served with the summons and complaint.

 Motor Sport contends that the plaintiff's motion to amend its complaint is an attempt to "supersede proceedings initiated in Puerto Rico" and that the question for the court is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can be better settled in the proceedings pending in state court." (Opposition to Plaintiff's Request ¶ 6, 8). The defendant's conclusion is that because

the other proceeding is pending in Puerto Rico, this action is not proper.

 Motor Sport is correct when it states that a district court has discretion in determining whether to maintain an action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), when there is a parallel state proceeding. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 281–84, 115 S.Ct. 2137, 2140–41, 132 L.Ed.2d 214 (1995). The flaw in the defendant's argument, however, is that it has not moved for such a stay, or even proved to the court that a parallel state proceeding exists. There is no proof in the record about what the Puerto Rico action actually requests from that court. Furthermore, Motor Sport has not addressed the factors set out by the United State Supreme Court for determining whether such a stay is proper. *Wilton,* 515 U.S. at 283–84, 115 S.Ct. at 2141 (quoting *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)).

The question that the defendant has summarily asserted is one of abstention, and it would certainly be inappropriate for this court, *sua sponte,* to stay this action, based on the defendant's unsupported assertions. The court is not prepared to make the detailed factual findings that would be necessary in entering a stay. *See Wilton,* 515 U.S. at 289, 115 S.Ct. at 2144 ("We believe it more consistent with the statute to vest district courts with discretion in the first instance, *because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp.*") (emphasis added).

 The remaining question, therefore, is whether the plaintiff may amend its complaint. Leave to amend a complaint "shall be freely given when justice so requires." Rule 15(a), Federal Rules of Civil Procedure. The decision whether to allow an amendment is within the sound discretion of the district court. *Orix Credit Alliance, Inc. v. Taylor Mach. Works, Inc.,* 125 F.3d 468, 479–80 (7th Cir.1997). The United States Supreme Court has explicitly addressed the liberal standard that courts are to apply to motions to amend:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Orix,* 125 F.3d at 480; *McGee v. Kerr–Hickman Chrysler Plymouth, Inc.,* 93 F.3d 380, 385 (7th Cir.1996).

Motor Sport dedicates little, if any, of its argument to any of the factors listed above. Read liberally, the defendant's opposition brief could be construed to argue that it will be prejudiced by the court's allowing the plaintiff to amend. Motor Sport's prejudice argument, however, all goes to its contention that the plaintiff's declaratory judgment action is improper because of the parallel proceeding in Puerto Rico and that therefore the defendant will suffer harm. As I said above, I will not address that argument at this juncture. Moreover, the court has set the court trial date for June 22, 1998, almost nine months away, so it would be difficult for Motor Sport to argue that it would be unable to prepare adequately for trial because of the amendment to the complaint.

Motor Sport also seems to argue that the court's granting Harley–Davidson's motion would cause unnecessary confusion. Other than its abstention argument, though, the defendant does not point to what this confusion would be. Motor Sport does not argue that the proposed changes in the plaintiff's complaint are unrelated to the issues raised in the original complaint. Indeed, such an argument would be frivolous. The proposed amendment adds no new parties and does not even appear to require much more discovery than would already be necessary under the original complaint.

Finally, Motor Sport implies that, because the other proceeding was pending in Puerto Rico, Harley–Davidson's attempt to amend the complaint was in bad faith. The problem with this argument is that the defendant does not dispute that the plaintiff found out about the Puerto Rico action the day *after* it

had filed the motion to amend the complaint and that it did not receive a copy of the complaint (in Spanish) until early August. Furthermore, even if Harley–Davidson did know about the Puerto Rico action before it filed its motion to amend, I would be reluctant to find that its proposed amendment was in bad faith. It is not obvious that the question of whether Harley–Davidson has the right to terminate the distributorship relationship is even the same issue that Motor Sport has allegedly raised in the Puerto Rico court. Moreover, the question of termination is substantially related to the questions raised in the original complaint.

For these reasons, I will grant the plaintiff's motion for leave to file an amended and supplemental complaint.

Therefore, IT IS ORDERED that the plaintiff's motion for leave to file an amended and supplemental complaint be and hereby is granted.

IT IS ALSO ORDERED that the clerk of court be and hereby is directed to file the plaintiff's amended and supplemental complaint.