**MOTOR SPORT, INC., Plaintiff,**

v.

**HARLEY–DAVIDSON MOTOR COMPANY, et al., Defendants.**

No. Civ. 98–2158(RLA).

United States District Court, D. Puerto Rico.

March 11, 1999.

Héctor Saldaña–Egozcue, Saldaña & Vallecillo, Hato Rey, PR, for plaintiff.

Luis A. Oliver–Fraticelli, Fiddler, Gonzalez & Rodriguez, San Juan, PR, Peter Stone, Milwaukee, WI, for defendants.

## ORDER DENYING DISMISSAL, TRANSFER OR STAY OF PROCEEDINGS

ACOSTA, District Judge.

Defendants have moved the court to dismiss, transfer or stay these proceedings pending the outcome of a parallel federal lawsuit initiated by them in the Eastern District of Wisconsin. The court having reviewed the memoranda submitted by the parties finds defendants' petition unwarranted.

### PROCEDURAL BACKGROUND

This is one of four suits instituted by MOTOR SPORT, INC. ("MOTOR SPORT") and HARLEY–DAVIDSON MOTOR COMPANY ("HARLEY–DAVIDSON") arising from disputes regarding their business relationship under the Puerto Rico Dealer's Act, otherwise known as Law 75, P.R.Laws Ann. tit. 10, §§ 278 *et seq.*

The first action was filed by HARLEY–DAVIDSON on **September 10, 1996** in the U.S. District Court for the Eastern District of Wisconsin, **No. 96–C–1038** seeking a determination that it had not breached the distributorship agreement, that there was cause for termination of the relationship and that MOTOR SPORT's distributorship was non-exclusive.

The second action was filed by MOTOR SPORT in the Bayamon Court on **July 24, 1997** seeking to enjoin HARLEY–DAVIDSON from allegedly impairing their business relationship. This case was removed to this court and assigned **No. 97–2300(PG).**

The third action is the one presently before us. It was initiated by MOTOR SPORT in the Puerto Rico local court on **September 1, 1998** and subsequently removed by defendant. Plaintiff herein charges HARLEY–DAVIDSON and two individuals with interfering with its rights under Law 75.

The fourth case, filed shortly thereafter on **October 9, 1998,** is a declaratory relief suit instituted in the U.S. District Court for the District of Wisconsin, assigned **No. 98–C–1018,** and is a mirror of the allegations in the pleadings pending before us. Plaintiffs therein—defendants herein—request our sister court to declare that under the terms of the existing contract HARLEY–DAVIDSON is empowered to appoint additional representatives in Puerto Rico without MOTOR SPORT's acquiescence; that MOTOR SPORT is not empowered to appoint sub-dealers or agents in the Island, and that MOTOR SPORT's unauthorized secondary retail store in Old San Juan should be closed.

## THE ISSUE

Defendants have requested that we either dismiss, transfer or stay the action presently before us and allow the Wisconsin court to resolve the controversy regarding their rights under the contract. Plaintiff has opposed this request.

## PREVIOUS RULINGS

■ The thrust of defendants' argument in support of their petition to yield to the parallel federal proceedings is the fact that in **No. 96–C–1038** the Wisconsin court made various determinations regarding the parties' business relationship and therefore, it behooves the Wisconsin court to clarify its previous ruling. Defendants claim that by retaining jurisdiction we would be improperly stepping into the shoes of another court.

We disagree with defendants' argument that the issues raised in the case before us somehow require "the interpretation and application" of the previous order of the Wisconsin court.

Prior to entering judgment, Judge Myron L. Gordon issued three separate opinions in **No. 96–C–1038.** In essence, he determined that: (1) there was in *personam* jurisdiction over MOTOR SPORTS in Wisconsin and transfer of venue to Puerto Rico was not warranted;[1] (2) declined abstention pending subsequent parallel proceeding instituted by MOTOR SPORT in the Puerto Rico local court[2] and subsequently removed to this court, and (3) found that the parties' relationship was governed by Law 75, a 1980 agreement governed the parties' business relationship, and MOTOR SPORT's appointment was not exclusive. The court declined to enter summary judgment dismissing MOTOR SPORT's counter-claim of constructive discharge because of existing issues of material fact.[3] The case concluded pursuant to a stipulation filed by the parties acknowledging that their business relationship was governed by a December 1, 1980 agreement and that it was a non-exclusive relationship. The remaining claims were voluntarily dismissed as follows:

> [E]xcept [its] right to claim that a continued future refusal by Motor Sport to sign a standard form Dealer Contract and/or to close its retail clothing store in Old San Juan are adequate grounds for termination of the parties' relationship is

1. *Harley–Davidson Motor Company v. Motor Sport, Inc.,* 960 F.Supp. 1386 (E.D.Wis.1997).

2. *Harley–Davidson Motor Company, v. Motor Sport, Inc.,* 978 F.Supp. 1192 (E.D.Wis.1997).

3. *Harley–Davidson Motor Company v. Motor Sport, Inc.,* 6 F.Supp.2d 996 (E.D.Wis.1998).

preserved, provided that if Harley–Davidson purports to base a termination on Motor Sport's refusal to sign a standard form dealer contract and/or to close the Old San Juan store, Motor Sport may raise any defense and assert any claim it may have with respect to those issues.

Judgment in accordance therewith was issued on June 8, 1998.[4]

## THE LAW

We shall examine defendants' request under the parameters for change of venue established in 28 U.S.C. § 1404(a) which reads:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■■■ Determinations under § 1404(a) are fact-specific and will depend on the particular circumstances present in each case. *Stewart Organization v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22, 31 (1988) (court must "weigh in the balance a number of case-specific factors.") In exercising its discretion under the provisions of the statute, the court should also take into consideration "the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation." *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987).

In keeping with the aforementioned criteria we find that there is no justification for waiving our jurisdiction. The action presently before us was the first one filed, a selection which ordinarily will remain undisturbed. Geographically, Puerto Rico is a more convenient location than Wisconsin for most of the parties in this case. Further, the events placed at issue in the complaint have either taken place in Puerto Rico or will otherwise have their effect in this forum. Even though the court's docket in Wisconsin might be lighter, this case deals with an issue of local law which is more familiar to this court.

Defendants' insistence in trying this case in Wisconsin is misplaced. The previous action was closed in June of last year and there is nothing pending in those proceedings. Further, it appears that only the determination made by Judge Gordon regarding the applicable contract and applicable law[5] is relevant to the controversies raised in the current litigation. Our inquiry into the facts in this case in no way will undermine that ruling. Contrary to defendants' argument, our role will be limited to evaluating the parties' conduct in light of their distribution agreement and Law 75 which Judge Gordon ruled controlled the parties' business relationship. In no way does this require that we go into the merits of this opinion. There is nothing before us that would require us to venture into the basis of Judge Gordon's ruling.

Inasmuch as our role in this action is limited to deciding whether, under the facts proven in this case, any of the parties breached their 1980 contract and/or the provisions of Law 75 we find no justification for either dismissing, transferring or staying this action.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss or, in the Alternative, to Transfer or Stay (docket No. 4)[6] is hereby

---

4. Pursuant to a stipulation incorporating by reference the terms of the Wisconsin Order for Judgment the second action, **No. 97–2300(PG)**, was also dismissed.

5. The parties themselves stipulated to these two matters in both previous actions.

6. *See also* Defendants' Memorandum in Opposition to Motion to Remand and in Further Support of Motion to Dismiss (docket No. **9**) and Reply Brief. Defendants' Motion for Leave to File Reply (docket No. **13**) is **GRANTED.**

**DENIED.**[7]

IT IS SO ORDERED.

---

7. Plaintiff's Motion Requesting Additional Time (docket No 10) is **GRANTED.** *See* Plaintiff's Opposition (docket No. **12**).